IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00042-MSK-KLM

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

    Plaintiffs,

v.

CREDIT SUISSE FIRST BOSTON,
OCWEN LOAN SERVICING, LLC,
CENTRAL LOAN ADMINISTRATION & REPORTING (CENLAR),
TAYLOR, BEAN & WHITTAKER MORTGAGE, INC.,
WELLS FARGO BANK, N.A.,
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS,
RESOURCE BANK SHARES MORTGAGE GROUP, INC.,
MELLON MORTGAGE COMPANY,
FLEET MORTGAGE GROUP, INC.,
WASHINGTON MUTUAL, INC.,
FIRST BANK OF ARAPAHOE COUNTY, N.A.,
GMAC MORTGAGE LOANS, INC.,
CHERRY CREEK MORTGAGE, INC.,
S. DINO PERRONE,
WIDESPREAD LENDING SOLUTIONS, individually and severally,
SUSAN CARTER,
CLARION MORTGAGE CAPITAL, individually and severally,
VADEN LAW FIRM, LLC, and
THE STATE OF COLORADO,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on (1) the **Motion for Extension of Time for Defendants Ocwen Loan Servicing, LLC and Vaden Law Firm, LLC to Respond to Complaint** [Docket No. 18; Filed January 27, 2011] (the "Motion for Extension") filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Vaden Law Firm, LLC ("Vaden"), and (2) the **Motion for Sanctions Against Vaden Law Firm, LLC and Wayne E. Vaden, Severally and Individually, Pursuant to F.R.C.P. Rule 11** [Docket No. 24; Filed January

28, 2011] (the "Motion for Sanctions") filed by Plaintiffs. In the Motion for Sanctions, Plaintiffs state that they oppose the Motion for Extension.

IT IS HEREBY **ORDERED** that the Motion for Extension [#18] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that Defendants Ocwen and Vaden shall answer or otherwise respond to Plaintiffs' Complaint [Docket No. 1] on or before **February 18, 2011**.

IT IS FURTHER **ORDERED** that the Motion for Sanctions [#24] is **DENIED** for the following reasons:

First, Plaintiffs failed to comply with D.C.COLO.LCivR 7.1A., which provides as follows: "The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter." In the Motion for Sanctions, Plaintiffs state as follows: "Because of the nature of this Motion, Plaintiffs assume that the Vaden Law Firm, LLC and Wayne E. Vaden oppose this Motion[.]" *Motion for Sanctions* [#24] at 2. Making an assumption about an opposing party's position is clearly not the same as making a reasonable, good faith effort to confer.

Second, even if Plaintiffs' allegation of a "misrepresentation" on the part of Vaden and Wayne E. Vaden is accepted as true, the misrepresentation is not significant enough to warrant the imposition of sanctions pursuant to Fed. R. Civ. P. 11(c).

Dated:  January 28, 2011