IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00042-MSK-KLM

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

      Plaintiffs,

v.

CREDIT SUISSE FIRST BOSTON,
OCWEN LOAN SERVICING, LLC,
CENTRAL LOAN ADMINISTRATION & REPORTING (CENLAR),
TAYLOR, BEAN & WHITTAKER MORTGAGE, INC.,
WELLS FARGO BANK, N.A.,
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS,
RESOURCE BANK SHARES MORTGAGE GROUP, INC.,
MELLON MORTGAGE COMPANY,
FLEET MORTGAGE GROUP, INC.,
WASHINGTON MUTUAL, INC.,
FIRST BANK OF ARAPAHOE COUNTY, N.A.,
GMAC MORTGAGE LOANS, INC.,
CHERRY CREEK MORTGAGE, INC.,
S. DINO PERRONE,
WIDESPREAD LENDING SOLUTIONS, individually and severally,
SUSAN CARTER,
CLARION MORTGAGE CAPITAL, individually and severally,
VADEN LAW FIRM, LLC,
THE STATE OF COLORADO, and
JOHN W. HICKENLOOPER, Governor, in his official capacity,

      Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the parties' **Joint Unopposed Motion to Stay Discovery and Disclosures Pending Resolution of Motion to Dismiss** [Docket No. 53;

Filed February 24, 2011] (the "Motion").

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that all disclosure and discovery is **STAYED** pending resolution of the Motions to Dismiss [Docket Nos. 29, 43, 46, 47, 48 & 49].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for March 8, 2011 at 11:00 a.m. is **vacated**.  If necessary, a new scheduling conference will be set upon resolution of the Motions to Dismiss.

DATED: February 28, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge