**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00042-CMA-KLM

DEAN L. JACOBS; and
MARCIELLE S. JACOBS,

    Plaintiffs,

v.

CREDIT SUISSE FIRST BOSTON;
OCWEN LOAN SERVICING, LLC;
CENTRAL LOAN ADMINISTRATION & REPORTING (CENLAR);
TAYLOR, BEAN & WHITTAKER MORTGAGE, INC.;
WELLS FARGO BANK, N.A.;
BANK OF AMERICA, N.A.;
COUNTRYWIDE HOME LOANS;
CHERRY CREEK MORTGAGE, INC.;
S. DINO PERRONE;
SUSAN CARTER;
CLARION MORTGAGE CAPITAL, individually and severally;
VADEN LAW FIRM, LLC;
THE STATE OF COLORADO, and
JOHN W. HICKENLOOPER, in his official capacity as
Governor of the State of Colorado,

    Defendants.
_____

ORDER AWARDING ATTORNEYS' FEES
_____

This matter is before the Court on the "Motion for Entry of Attorney Fee Amount" of current Defendants Cherry Creek Mortgage Co., Inc. and S. Dino Perrone and former Defendant Widespread Lending Solutions, LLC (collectively, "Defendants"). (Doc. # 91.) For the reasons discussed below, Defendants' Motion is granted.

## I. BACKGROUND

The facts and procedural history of this case are familiar to the parties and are

fully set out in this Court's September 30, 2011 Order. (*See* Doc. # 89.) That Order, in addition to granting all of the motions to dismiss that were before the Court, also granted Defendants' "Motion for Sanctions" (Doc. # 66), requiring, in part, that Plaintiffs' counsel, Mr. John R. Prater, reimburse Defendants for "their reasonable attorney's fees . . ." pursuant to Fed. R. Civ. P. 11(c) (Doc. # 89). On October 14, 2011, Defendants filed the instant "Motion for Entry of Attorney Fee Amount" (Doc. # 91), which includes an affidavit of Defendants' counsel, Mr. D. Sean Velarde (Doc. # 91-1), and accompanying documentation of the time spent, and tasks performed in, representing Defendants (Doc. # 91-2). Mr. Prater has not filed any objection to Defendants' Motion.

## II. LEGAL STANDARD

Before awarding attorneys' fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

The first step is to determine the number of hours reasonably spent by the prevailing party's counsel. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. Factors considered in a reasonableness determination include: (1) whether the amount of time devoted to a particular task appears reasonable in light of the case's complexity, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, indicating how much time was allotted to specific tasks. *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2 (D. Colo. Sept. 13, 2010) (unpublished). "Counsel for the prevailing

party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Although courts must exclude from the fee award hours not reasonably expended, they need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Once the Court has determined the number of hours reasonably spent, it must then decide a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The party requesting fees has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. *Id*.

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. *Hensley*, 461 U.S. at 433.

### III. ANALYSIS

Because Defendants' Motion is unopposed, the need for written findings in the instant case is greatly diminished if not entirely nonexistent. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) (observing that "[i]t would be pointless to require a district court to make written findings" concerning a request for attorneys' fees "where the opposing party does not contest the amount of

the award"). Accordingly, the Court will conduct an abbreviated analysis.

After reviewing Mr. Velarde's affidavit and the related time sheets, the total number of hours listed—83.4—appears to have been reasonably spent representing Defendants. None of the time devoted to discrete tasks appears unreasonable, nor are the hours disproportionate to the experience of counsel and the other individuals in his firm who billed hours in this case. The billing entries are very detailed, explaining the amount of time spent on each task and indicating who performed those tasks. Moreover, the Court agrees with Defendants' assertion that counsel sought to "maximize efficiency and minimize the cost of [the] litigation" (Doc. # 91-1), as evidenced by the overwhelming majority of the hours billed having come from an associate and paralegal, as opposed to special counsel or a partner.

The Court further concludes that the hourly billing structure of counsel's firm—partner ($325), special counsel ($200), associate ($170), and paralegal ($125)—fairly reflects the prevailing market rate in the Denver metropolitan area.

Finally, the Court has independently verified Defendants' calculations and concurs with their assertion that $13,827 is the correct total dollar amount of their attorneys' fees.

## IV. **CONCLUSION**

For the foregoing reasons, the Court ORDERS that Defendants' "Motion for Entry of Attorney Fee Amount" (Doc. # 91) is GRANTED. Accordingly, the Court

FURTHER ORDERS that Mr. Prater shall personally reimburse Defendants their reasonable attorneys' fees in the amount of $13,827. It is

FURTHER ORDERED that Mr. Prater's "Motion to Withdraw as Counsel of Record for Plaintiff's [*sic*]" (Doc. # 87) is GRANTED.  However, such withdrawal does not excuse Mr. Prater's fulfillment of the sanctions ordered by this Court, including payment of Defendants' attorneys' fees as specified in the instant Order and completion of a continuing legal education course on federal pleading as detailed in the Court's September 30, 2011 Order.  Finally, it is

FURTHER ORDERED that Plaintiffs' "Motion to Dismiss Remaining Parties Defendant" (Doc. # 92) is GRANTED.  Accordingly, Defendants Central Loan Administration & Reporting (CENLAR), Taylor, Bean & Whittaker Mortgage, Inc., Susan Carter, the State of Colorado and John W. Hickenlooper are hereby DISMISSED WITHOUT PREJUDICE, each party to pay his, her or its own costs.

DATED: December 26, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge